# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| -vs- | § § § | SA-22-CR-00139-XR |
| (4) CARLOS ALFREDO BECERRA CASTRO | § § § § | |
| (5) LINA GISSETH BARRERA SARMIENTO, | § § § § | |
| (7) ANGEL JULIO ARROYO CALDERON | § § § § | |
| *Defendants*. | § § | |

## ORDER ON MOTIONS TO DISMISS INDICTMENT

On this date, the Court considered Carlos Alfredo Becerra, Lina Gisseth Barrera Sarmiento, and Angel Julio Arroyo Calderon's ("Defendants") motions to dismiss the Indictment in this case (ECF Nos. 150, 158, 159).

## BACKGROUND

All the Defendants are charged in a two-count Indictment. Count One charges the Defendants with conspiracy to import more than five kilograms of cocaine in violation of 21 U.S.C. §§ 959(a),[1] 960 and 963. Count Two charges the Defendants with conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.

---

[1] "It shall be unlawful for any person to manufacture or distribute a controlled substance … intending, knowing, or having reasonable cause to believe that such substance or chemical will be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States." 21 U.S.C. § 959.

The Defendants seeks dismissal under Fed. R. Crim. P. 12(b)(3), arguing that the evidence produced to date does not establish that they entered into an agreement to import cocaine into the United States. They essentially contend that if there was a conspiracy to sell cocaine, all the evidence establishes was that an alleged conspiracy took place entirely within the confines of Columbia and involved perhaps selling drugs within the Republic of Columbia.

Defendant Barrera Sarmiento further argues that the crimes she is charged with should be dismissed for lack of extraterritorial jurisdiction, or alternatively the jurisdiction was "manufactured" by a confidential informant, who inserted unilaterally that after the sale had been completed that the drugs would be shipped to the United States. Defendant Barrera Sarmiento alternatively requests a bill of particulars seeking discovery about statements made by the confidential informant about the cocaine's route and ultimate destination. She further contends that venue is improper in the Western District of Texas because she did not "pass" into the District.

Defendant Arroyo Calderon adopts the arguments made by the co-defendants.

In this case the confidential informant videotaped the Defendants sitting in a room inside Columbia.[2] Drugs are plainly visible on a table where all the Defendants are present with others.

---

[2] Portions of videos were shown during the March 18, 2025 hearing. The Government had an English transcript, but that was merely prepared by the Assistant United States Attorney himself. The Court gave the parties additional time after the hearing was concluded to procure an English translation of what was said in the videos. In addition, the Court granted an application for expert fees to have the videos translated from the Columbian dialect of Spanish into English. *See* ECF No. 169. To date, the Court has not heard from any party. The Court was going to wait to see what the translated transcript may provide on this issue, but since all the issues addressed above are strictly legal issues, the Court issues this Order now.

## ANALYSIS

**A. Insufficiency of the Evidence Produced to Date and Argument that Jurisdiction was "Manufactured"**

"Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence. Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." *United States v. DeLaurentis*, 230 F.3d 659, 660–61 (3d Cir. 2000) (internal citations omitted); *see also United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("Because Salman was properly indicted, the government is entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure." (internal citation omitted)); *United States v. Oliver*, No. 4:07-CR-27-DCB-LRA, 2008 WL 5191739, at *2 (S.D. Miss. Dec. 10, 2008) ("Where an indictment is valid on its face, a defendant's challenge to that indictment on the basis that it is not supported by sufficient evidence is without merit.").

Inasmuch as the proper vehicle for challenging the sufficiency of the evidence is by way of a Rule 29 motion after the Government closes its evidence, the Defendants' motion to dismiss is **DENIED**.

### B. Extraterritorial Jurisdiction

The Fifth Circuit has held that Section 959 may be applied to extraterritorial acts and does not violate any of the Defendants' due process. *See United States v. Rojas*, 812 F.3d 382, 393 (5th Cir. 2016) (cocaine activity taking place in Columbia with the expectation that a Mexican cartel would buy the drugs and ultimate import them into the United States). Although couched as a challenge to extraterritorial acts, the Defendants are in essence challenging the sufficiency of the evidence produced by the Government to date. They argue they are not citizens of the United States and there must be strong evidence that the drugs were intended to be distributed from Columbia into the United States. Barrera Sarmiento alleges that she was unaware of the drugs destination until the confidential informant stated this after the transaction had been completed. *See* ECF No. 158 at 8. For the reasons stated above, the Defendants' motion on this ground is **DENIED**.

### C. Bill of Particulars

Barrera Sarmiento states that she is entitled to any discovery from the Government that demonstrates what the confidential informant stated to the Defendants about the drugs route and destination. The Government produced a videotape during the hearing held on March 18, 2025. The Government is **ORDERED** to produce any other evidence it may have on this issue.

### D. Venue

The Government alleges that in early 2018, law enforcement officers in San Antonio, Texas were investigating the shipment of drugs into the United States by Fernando Trujillo, a resident of Mexico. An undercover U.S. Drug Enforcement Agency (DEA) Agent contacted Trujillo, wherein Trujillo proposed shipping cocaine from Columbia into the United States.

Trujillo put the undercover DEA Agent in touch with a Columbian source of cocaine named Aurelio. When an agreement was made to buy the cocaine the U.S. DEA agent contacted a

Columbian undercover agent. Eventually the Columbian undercover agent met several persons at an apartment on February 8, 2019, including the three defendants here. The Government alleges that the Columbian undercover agent was shown a sample to test, and he thereafter approved purchasing the remaining nine kilograms of cocaine at a purchase price consistent with the sales price in the United States. The Government contends that all participants knew the drugs would be going to Mexico and then "passed up."

On May 19, 2019, a second transaction occurred with two of the defendants present (Becerra and Barrera) and others. During this transaction, the undercover agent confirmed the first shipment made it to San Antonio, Texas, and the participants discussed the sales price of the drugs in San Antonio.

The Government contends that venue is proper here since the initiating phone call occurred between a DEA Agent based in San Antonio and Trujillo. The Government contends that venue is also proper under 18 U.S.C. § 3238. Barrera and Arroyo were extradited to the United States on January 25, 2024, and were first brought to the Western District of Texas.

The Court agrees that venue is proper under 18 U.S.C. § 3238. *See United States v. Mansfield*, 156 F.3d 182 (5th Cir. 1998) ("Western District of Texas was the proper venue in which to try Mansfield as that was the judicial district in which he was arrested"). Accordingly, Barrera Sarmiento's venue challenge is **DENIED**.

## CONCLUSION

Defendants' motions to dismiss the Indictment in this case (ECF Nos. 150, 158, 159) are **DENIED**. The Government, however, is required to produce any audio or video recordings or other evidence that discusses what the confidential informant stated to the Defendants about the

drugs route and destination. Arroyo Calderon's motion to strike a supplemental response (ECF No. 173) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 29th day of April, 2025.

                                        XAVIER RODRIGUEZ
                                      UNITED STATES DISTRICT JUDGE